WO

SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Jerry Castro Garza,

Plaintiff,

v.

Officer CS516, et al.,

Defendants.

No.   CV 19-05190-PHX-JAT (ESW)

**ORDER**

Plaintiff Jerry Castro Garza, who is confined in the Arizona State Prison Complex-Lewis, in Buckeye, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court granted the Application and dismissed the Complaint with leave to amend (Doc. 6). Plaintiff has filed a First Amended Complaint (Doc. 16) after being granted extensions of time to do so.  The Court will dismiss the First Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the

JDDL-K

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.   First Amended Complaint

In his four-count First Amended Complaint, Plaintiff alleges claims for denial of constitutionally adequate medical care while he was confined in a Maricopa County Jail.

Plaintiff sues the following employees of Maricopa County Correctional Health Services (CHS): Nurses Veronica CS 516, Kathy, Rosie, Stacy, and Grace, and healthcare provider Jane Doe, all of whom worked at the Fourth Avenue Jail. Plaintiff seeks injunctive, compensatory, and punitive relief.[1]

Plaintiff alleges the following facts in **Count I** of his First Amended Complaint:

On July 13, 2019, Nurse Veronica, a medication nurse, gave Plaintiff two pills[2] that were supposed to be given to a different prisoner and "forced" Plaintiff to swallow them or face discipline. (Doc. 16 at 5.) Plaintiff took the pills and began to suffer "adverse health complications." (*Id.*) Specifically, Plaintiff suffered stomach pain and informed the pod officer; Plaintiff was taken to medical. Plaintiff claims that "Nurse Veronica CS516" did not take precautions with respect to medications that she gave him or take reasonable measures to abate the risk that improper medications had been dispensed.

In the medical unit, Nurse Kathy saw Plaintiff but "did not take precautions or priorities as to wrong meds," despite Plaintiff alerting her that he had been given the wrong medications. (*Id.*) Nurse Kathy disregarded Plaintiff's "cry for help" and sent him back to his cell. Shortly after returning to his cell, Plaintiff felt dizzy, passed out, "busted [his] eyebrow open," and regained consciousness in a pool of blood with officers and nurses, who took him back to medical. Nurse Kathy cleaned Plaintiff's face. Plaintiff told her the

---

[1] Because Plaintiff is no longer confined in a Maricopa County Jail, injunctive relief from any of the Defendants is not available.

[2] In his Complaint, Plaintiff identified the medication as Tegretol, or carbamazepine, which is used

> . . . to control certain types of seizures in people with epilepsy. It is also used to treat trigeminal neuralgia (a condition that causes facial nerve pain). Carbamazepine extended-release capsules (Equetro brand only) are also used to treat episodes of mania (frenzied, abnormally excited or irritated mood) or mixed episodes (symptoms of mania and depression that happen at the same time) in patients with bipolar I disorder (manic-depressive disorder; a disease that causes episodes of depression, episodes of mania, and other abnormal moods).

*See* https://medlineplus.gov/druginfo/meds/a682237.html#why (last accessed June 12, 2020).

medication that he had taken had caused him to pass out and that he feared for his life. Plaintiff was again sent back to his cell without treatment for being given the wrong medication.

About 30 minutes later, Plaintiff started vomiting and suffering from diarrhea, again passed out, and suffered a seizure.  Plaintiff was found by an officer and taken back to medical for the third time.  Nurses Grace, Rosie, and Stacy saw Plaintiff.  Plaintiff states that "I was not [sic] treated deliberately indifferent to my serious medica[l] need."  (*Id.* at 6.)

Based on the facts contained in Count I, Plaintiff claims in **Count II** that Nurse Kathy failed to take reasonable measures to abate the risk of Plaintiff receiving the wrong medication, such as sending him to the hospital to have his stomach pumped, which might have prevented the injuries Plaintiff suffered when he passed out resulting in a facial scar. He claims that the "Defendants involved were indifferent to [his] serious medical needs." (*Id.* at 7.)

Based on the facts alleged in Count I, Plaintiff claims in **Count III** that Defendant Doe Provider refused to see Plaintiff after he passed out and hurt his eye because she was going home.  He claims that she failed to send him to the hospital, which could have avoided "further trauma" to him.  He claims Defendant Doe was indifferent to his serious medical needs.

Based on the facts alleged in Count I, Plaintiff claims in **Count IV** that Nurses Rosie, Stacy, and Grace refused to send him to the hospital for a Cat scan and refused to have his blood tested to see if he was having an allergic reaction or had overdosed as a result of the erroneous medication.  He claims "Defendants" involved were indifferent to his serious medical needs.  As his injury, Plaintiff claims inadequate healthcare and negligence resulting in physical injuries to his head, which caused him to suffer migraines, vision loss, a scar, anxiety, and mental health problems.

III.  **Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

(2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions [to] show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his or her official capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the agency over which that individual has final policy-making authority. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). In addition, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights, absent more, does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his personal capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Further, under Ninth Circuit law, a defendant can be liable for failure to act. *Id.*

Plaintiff alleges claims for denial of constitutionally adequate medical care. The Ninth Circuit Court of Appeals has held that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). To state a medical care claim, a pretrial detainee must show

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, ___, 135 S. Ct. 2466, 2473 (2015); *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges that Nurse Veronica provided him the wrong medication and forced him to take it by threatening him with a disciplinary if he refused. Plaintiff does not allege the medication he was supposed to have been provided and why he was prescribed that medication. Plaintiff also fails to allege facts to support that Veronica failed to take any required precautions before dispensing the medication to him. The mere failure to confirm that she had provided Plaintiff the correct medication, while negligent, is not sufficient to support that she acted with reckless indifference, particularly given that the appearance of many medications differs depending on the manufacturer. Absent more, Plaintiff fails to allege facts to support that Nurse Veronica violated his constitutional rights. Accordingly, Count I will be dismissed.

In Count II, Plaintiff claims that Nurse Kathy failed to take reasonable measures to

abate the risk to him from taking the wrong medication, such as sending him to the hospital to have his stomach pumped, and sent him back to his cell, where he subsequently passed out and struck his head. (*Id.* at 7.) Plaintiff does not allege that Nurse Kathy knew that he had been given the wrong medication, knew what the medication was, or knew that the medication was likely to cause him to suffer adverse effects, such that her failure to take other steps rose to the level of reckless disregard. Accordingly, Plaintiff fails to state a claim in Count II.

In Count III, Plaintiff alleges that the Doe Provider refused to see Plaintiff after he had passed out and injured his eye because she was going home. Plaintiff does not allege facts to support that Doe Provider's refusal to see him, when nursing staff were available, rose to the level of reckless disregard. By that time, Plaintiff had regained consciousness, and while Plaintiff sustained a cut to his eyebrow, he does not allege facts to support that this injury was so severe that Doe Provider's decision to let Plaintiff be treated by nursing staff constituted reckless disregard. He does not, for example, allege that he required sutures. Accordingly, Plaintiff fails to state a claim in Count III and it will be dismissed.

In Count IV, Plaintiff claims that Nurses Rosie, Stacy, and Grace refused to send Plaintiff to the hospital for a Cat scan and refused to have his blood tested to see if he was having an allergic reaction or had overdosed as a result of the erroneous medication. Plaintiff does not allege that they knew that he had been given the wrong medication and what it was or that in spite of such knowledge, that they disregarded the risk of further adverse effects by not having a Cat scan performed or having his blood tested. Plaintiff also does not allege facts to support that these individuals recklessly disregarded the risk of his claimed injuries or that such injuries would have been ameliorated if he had received a Cat scan or had his blood tested. Accordingly, Plaintiff fails to state a claim in Count IV and it will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may

JDDL-K

- 7 -

submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this

1    action.

2        **C.    Possible "Strike"**

3        Because the First Amended Complaint has been dismissed for failure to state a

4    claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies

5    identified in this Order, the dismissal may count as a "strike" under the "3-strikes"

6    provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring

7    a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the

8    prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

9    brought an action or appeal in a court of the United States that was dismissed on the

10   grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

11   granted, unless the prisoner is under imminent danger of serious physical injury."  28

12   U.S.C. § 1915(g).

13       **D.    Possible Dismissal**

14       If Plaintiff fails to timely comply with every provision of this Order, including these

15   warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

16   at 1260-61 (a district court may dismiss an action for failure to comply with any order of

17   the Court).

18   **IT IS ORDERED:**

19       (1)    The First Amended Complaint (Doc. 16) is **dismissed** for failure to state a

20   claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended

21   complaint in compliance with this Order.

22       (2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk

23   of Court must, without further notice, enter a judgment of dismissal of this action with

24   prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g)

25   and deny any pending unrelated motions as moot.

26   . . . .

27   . . . .

28   . . . .

1       (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

2   civil rights complaint by a prisoner.

3       Dated this 19th day of June, 2020.

James A. Teilborg
Senior United States District Judge

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

<u>Phoenix & Prescott Divisions</u>:          **OR**          <u>Tucson Division</u>:
U.S. District Court Clerk                                        U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona   85003-2119                     Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
            Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.                                                    **CASE NO.** _____
                                                           (To be supplied by the Clerk)

(1) _____ ,
(Full Name of Defendant)                              **CIVIL RIGHTS COMPLAINT**
                                                      **BY A PRISONER**
(2) _____ ,

(3) _____ ,                 ☐ Original Complaint
                                                      ☐ First Amended Complaint
(4) _____ ,                 ☐ Second Amended Complaint

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.


## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/11/16                    1                    **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
          <span>(Position and Title)</span>                                        <span>(Institution)</span>

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
          <span>(Position and Title)</span>                                        <span>(Institution)</span>

3.   Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
          <span>(Position and Title)</span>                                        <span>(Institution)</span>

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
          <span>(Position and Title)</span>                                        <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities       ☐ Mail       ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                          ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count II?             ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
          did not. _____
          _____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                       ☐ Yes      ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes      ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes      ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
          did not.   _____
          _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                       SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.