WO                                                                                                                               SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Castro Garza, | No. CV 19-05190-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Officer CS516, et al., | |
| Defendants. | |

      Plaintiff Jerry Castro Garza, who is confined in the Arizona State Prison Complex-Lewis, in Buckeye, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court granted the Application and dismissed the Complaint with leave to amend (Doc. 6). Plaintiff subsequently filed a First Amended Complaint, which the Court dismissed with leave to amend.

      Plaintiff filed a Second Amended Complaint (Doc. 18) followed by a Notice (Doc. 19) stating that a page had been missing from his Second Amended Complaint, Document Number 18, and that he filed another Second Amended Complaint including the missing page (Doc. 20). The Court will dismiss the Second Amended Complaint, Doc. 20, and this case.

**I.    Statutory Screening of Prisoner Complaints**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.    Second Amended Complaint**

In his one-count Second Amended Complaint, Plaintiff alleges a violation of his right to constitutionally adequate medical care while he was confined in a Maricopa County Jail. Plaintiff sues the following employees of Maricopa County Correctional Health

Services (CHS): Nurses Veronica CS 516, Kathy, Rosie, Stacy, and Grace #1101; and an unknown healthcare provider, Jane Doe; who all worked at the Fourth Avenue Jail. Plaintiff seeks compensatory and punitive relief.

Plaintiff alleges the following facts in his Second Amended Complaint:

On July 13, 2019, Nurse Veronica, a medication nurse, came to Plaintiff's pod to dispense medications. Plaintiff was to receive Motrin for back pain. CHS Standard Operating Procedures set forth procedures to be taken by medication nurses to verify that the correct medications were given to the correct prisoners. Nurse Veronica failed to follow those steps when she came to Plaintiff's cell; she gave him medication and ordered him to take "them." Nurse Veronica went to the next cell, housing Inmate Anaya, and handed Anaya what was supposed to be Anaya's medication, Tegretol, which is used to treat seizures, bipolar disorder, and anxiety. Anaya, not recognizing the medication, asked Nurse Veronica where his medication was. In response, Nurse Veronica said that she had given it to Plaintiff.

Plaintiff subsequently began to have stomach pain and told a pod officer. After 30-45 minutes, Plaintiff was escorted to medical. In medical, Plaintiff told Nurse Rosie that Nurse Veronica had given him Anaya's medication. Plaintiff asked Rosie to admit him to the hospital because he feared that he might die. Nurses Rosie and Kathy "disregarded" him and sent him back to his cell in a wheelchair. According to Plaintiff, they failed to provide adequate medical care before clearing him.

About ten minutes after being returned to his cell, Plaintiff started to feel dizzy. He pressed the emergency button and asked officers to alert medical again. Before medical arrived at his cell, Plaintiff collapsed and hit his head; he came to in a pool of blood.

Plaintiff was again taken to medical. As Nurse Kathy cleaned the blood from his face, Plaintiff told her that he had been given the wrong medication, which was causing adverse reactions, and told her that he feared for his life. At some point, Plaintiff also told Nurse Stacy about the error and that he feared for his life and asked to be taken to an emergency room. Plaintiff was again "disregarded" and returned to his cell.

About 30 minutes after being returned to his cell the second time, Plaintiff began vomiting and suffering from diarrhea. Plaintiff passed out from a seizure and was found by an officer, who took him to medical for a third time. Plaintiff informed Nurse Grace that the medication he had been given was causing him to collapse and have seizures. Nurse Grace said that it was Plaintiff's fault for taking the wrong medication and sent him back to his cell without treatment.

According to Plaintiff, Defendant Doe, the unknown provider, failed to provide adequate medical care by directing other staff not to take Plaintiff to the hospital. Plaintiff contends that none of the Defendants provided constitutionally adequate medical care.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

Plaintiff alleges that he was provided another prisoner's medication, that he was denied adequate medical care in response, and that he suffered further injury from the effects of the medication. The Ninth Circuit Court of Appeals has held that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an

1  objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118,
2  1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070
3  (9th Cir. 2016)).  To state a medical care claim, a pretrial detainee must show

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.  "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015), and *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).  A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges that Nurse Veronica failed to comply with CHS procedures by verifying that she was giving him the medication intended for him.  While Plaintiff alleges that Nurse Veronica failed to exercise due care, he fails to allege facts to support that Nurse Veronica acted with reckless disregard to a known substantial risk of serious harm to Plaintiff.  Instead, Plaintiff's allegations reflect a single incidence of negligent conduct.  That is not sufficient to state a claim against Nurse Veronica.  Accordingly, his claim against her will be dismissed.

After being taken to medical 30 or 45 minutes after his stomach began to hurt, and

after an unknown period after taking the medication, Plaintiff allegedly told Nurses Kathy, Rosie, and Stacy that he had been given the wrong medication and asked to be taken to the hospital or emergency room. According to Plaintiff, Defendant Doe told CHS staff not to send Plaintiff to the hospital, and he was subsequently returned by wheelchair to his cell, where he later passed out and hit his head. He was again taken to medical, where Nurse Kathy cleaned his face but failed to order a transfer to the hospital and Nurses Kathy, Rosie, and Stacy allegedly "disregarded" him.

Plaintiff's disagreement with Defendant Doe's determination that hospitalization was unnecessary, absent more, is insufficient to state a claim against Doe. Plaintiff does not allege sufficient facts to show that Defendant Doe was aware of any facts to suggest that Plaintiff would face a substantial risk of serious harm if not treated at a hospital. Accordingly, Plaintiff fails to state a claim against Defendant Doe and she will be dismissed.

Plaintiff's allegations against Nurses Kathy, Rosie, and Stacy are, likewise, too vague and conclusory to state a claim. Their compliance with Defendant Doe's determination that hospitalization was unnecessary does not support that they acted with reckless disregard to a known *substantial* risk of serious harm to Plaintiff on that basis. Plaintiff does not allege that these Defendants failed to treat him altogether, and it is not clear from the Second Amended Complaint how long Plaintiff remained in medical or what forms of treatment (other than face-cleaning) that he received while there. Plaintiff has likewise failed to adequately allege that Nurses Kathy, Rosie, and Stacy knew, or should have known, Plaintiff might faint as a result of taking the medication, much less that he would hit his head. Accordingly, Plaintiff's allegations against Kathie, Rosie, and Stacy also fail to state a claim.

Plaintiff alleges that Nurse Grace failed to provide adequate medical care by failing to order his transfer to an emergency room following Plaintiff's third return to medical after suffering further symptoms: Plaintiff does not allege that he informed Grace, or anyone else, about those symptoms. Otherwise, as discussed above, Defendant Doe

determined that hospitalization was unnecessary. Plaintiff fails to allege facts to support that Nurse Grace acted with reckless disregard to a substantial risk of serious harm to Plaintiff in treating him. Accordingly, Plaintiff fails to state a claim against Nurse Grace.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 20) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 9th day of October, 2020.

_____
James A. Teilborg
Senior United States District Judge